THE GEIER MATTRESS CO., APPELLANT, *v.* IVEY ET AL., APPELLEES.

(No. 8515—Decided January 19, 1959.)

*Messrs. Taft, Stettinius & Hollister,* for appellant.
*Mr. Andrew O. Haefner* and *Mr. Edward J. Utz,* for appellees.

LONG, J. The plaintiff brought this action in the Court of Common Pleas, sounding its case first upon an account, and then alleging a contract to purchase goods. There is little dispute as to the evidence, all the exhibits having been admitted by stipulation. Briefly stated, the facts are that defendants ordered through the U. S. Rubber Company some 16 sets of mattresses and springs. Under the contract between U. S. Rubber Company and plaintiff, the rubber company would take orders from its customers for mattresses, and the plaintiff would manufacture same, using so-called blanks and other products manufactured and supplied by the rubber company. Under this contract, it was further provided that the plaintiff was responsible for the credit standing of the purchasers of the mattresses and that plaintiff would ship direct to the customers of the rubber company, and that plaintiff would bill and collect the price of the mattresses so manufactured.

While defendants claim no knowledge of the contract between plaintiff and the rubber company, nevertheless the re-

ceipt of the mattresses in question from plaintiff was acknowledged by defendants by written receipt, bearing plaintiff's name. There is no dispute that defendants have sold the mattresses in the usual course of their business, and have neither paid the rubber company nor the plaintiff.

Defendants' sole defense is that they had no express contract with plaintiff. However, the evidence is clear that plaintiff manufactured and furnished mattresses for defendants at an acceptable price, and that the defendants have received the same and sold the mattresses in the regular course of their business.

Defendants make no claim that they were in any way misled or prejudiced by the contract which plaintiff had with the rubber company. Defendants knew, by the signing of the receipt, that the rubber company, to which they had given the order, was not the manufacturer of the mattresses. On the contrary, it was the plaintiff who filled the order and for which the defendants were bound to pay. We can not hold that defendants can accept the goods from the plaintiff and then refuse to pay for same. If, after payment to plaintiff, the rubber company should make claim against defendants, the contract between the plaintiff and the rubber company would be a complete defense. It would be a strange anomaly indeed, if defendants succeeded in this case and then in a suit against them by the rubber company they would be successful in the contention that they did not agree to pay the rubber company. We would have a situation where the defendants obtained some $1,000 worth of merchandise, for which they did not have to pay anybody. The contract between the plaintiff and the U. S. Rubber Company clearly shows that the contracting parties intended that the plaintiff was to own the chose in action, and that whatever loss resulted from the customers was to be borne by the plaintiff. See *Arthur Coal & Coke Co.* v. *Pittsburg Coal Co.,* 17 C. C. (N. S.), 491, 32 C. D., 247; *Cincinnati Siemens-Lungren Gas Illuminating Co.* v. *Western Siemens-Lungren Co.,* 152 U. S., 200, 38 L. Ed., 411, 14 S. Ct., 523.

The judgment of the Court of Common Pleas is reversed and final judgment is entered in this court for plaintiff.

*Judgment reversed.*

HILDEBRANT, P. J., and MATTHEWS, J., concur.